IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Biogen Idec Inc.<br>14 Cambridge Center<br>Cambridge, MA 02142<br><br>    Plaintiff,<br><br>    v.<br><br>HON. JON W. DUDAS<br>Under Secretary of Commerce for Intellectual<br>Property and Director of the United States Patent<br>and Trademark Office<br>Office of General Counsel,<br>United States Patent and Trademark Office<br>P.O. Box 15667, Arlington, VA 22215<br>Madison Building East, Rm. 10B20<br>600 Dulany Street, Alexandria, VA 22314<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, Biogen Idec Inc., for its complaint against the Honorable Jon. W. Dudas, states as follows:

## NATURE OF THE ACTION

1. This is an action by the assignee of United States Patent No. 7,429,644 ("the '644 patent") seeking judgment, pursuant to 35 U.S.C. § 154(b)(4)(A), that the patent term adjustment for the '644 patent be changed from 520 days to at least 1070 days.

2. This action arises under 35 U.S.C. § 154 and the Administrative Procedures Act, 5 U.S.C. §§ 701-706.

## JURISDICTION AND VENUE

3. This Court has jurisdiction to hear this action and is authorized to issue the relief sought pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1361, 35 U.S.C. § 154(b)(4)(A) and 5 U.S.C. §§ 701-706.

4. Venue is proper in this district by virtue of 35 U.S.C. § 154(b)(4)(A).

5. This Complaint is timely filed in accordance with 35 U.S.C. § 154(b)(4)(A).

## THE PARTIES

6. Plaintiff Biogen Idec Inc. is a corporation organized under the laws of Delaware, having a principal place of business at 14 Cambridge Center, Cambridge, MA 02142.

7. Defendant Jon W. Dudas is the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office ("PTO"), acting in his official capacity. The Director is the head of the agency, charged by statute with providing management supervision for the PTO and for the issuance of patents. The Director is the official responsible for determining the period of patent term adjustment under 35 U.S.C. § 154.

## BACKGROUND

8. Ellen Garber, Paul Lyne, and William Saldanha are the inventors of U.S. patent application number 10/412,406 ("the '406 application") entitled "Humanized Anti-Lymphotoxin-$\beta$-R Antibodies," which was issued as the '644 patent on September 30, 2008. The '644 patent claims humanized anti-lymphotoxin-$\beta$ receptor antibodies. The '644 patent is attached as Exhibit A.

9. Plaintiff Biogen Idec Inc. is the assignee of the '644 patent, as evidenced by the assignment documents recorded in the PTO.

10. Section 154 of title 35 of the United States Code requires that the Director of the PTO grant a patent term adjustment in accordance with the provisions of section 154(b). Specifically, 35 U.S.C. § 154(b)(3)(D) states that "[t]he Director shall proceed to grant the patent after completion of the Director's determination of a patent term adjustment under the procedures established under this subsection, notwithstanding any appeal taken by the applicant of such determination."

11. In determining patent term adjustment, the Director is required to extend the term of a patent for a period equal to the total number of days attributable to delay by the PTO under 35 U.S.C. § 154(b)(1), as limited by any overlapping periods of delay by the PTO as specified under 35 U.S.C. § 154(b)(2)(A), any disclaimer of patent term by the applicant under 35 U.S.C. § 154(b)(2)(B), and any delay attributable to the applicant under 35 U.S.C. § 154(b)(2)(C).

12. The Director made a determination of patent term adjustment pursuant to 35 U.S.C. § 154(b)(3) and issued the '644 patent reflecting that determination.

13. Plaintiff Biogen Idec Inc. filed Applications for Reconsideration of Patent Term Adjustment with the PTO on November 25, 2008, and March 17, 2009.

14. 35 U.S.C. § 154(b)(4)(A) provides that "[a]n applicant dissatisfied with a determination made by the Director under paragraph (3) shall have remedy by a civil action against the Director filed in the United States District Court for the District of Columbia within 180 days after grant of the patent. Chapter 7 of title 5 shall apply to such an action."

## CLAIM FOR RELIEF

15. The allegations of paragraphs 1-14 are incorporated in this claim for relief as if fully set forth.

16. The patent term adjustment for the '644 patent, as determined by the Director under 35 U.S.C. § 154(b) and indicated on the face of the '644 patent, is 520 days. (*See* Ex. A at 1.) The determination of this 520 day patent term adjustment is in error because the PTO failed to properly account for the delays that occurred before the date that was three years after the actual filing date of the '406 application, pursuant to 35 U.S.C. § 154(b)(1)(A). The correct patent term adjustment for the '644 patent is at least 1070 days.

17. The '406 application was filed on April 10, 2003, and issued as the '644 patent on September 30, 2008.

18. Under 35 U.S.C. § 154(b)(1)(A), the number of days attributable to PTO examination delay ("A Delay") is 550 days.

19. Under 35 U.S.C. § 154(b)(1)(B), the number of days between the date that was three years after the actual filing date of the '406 application (*i.e.*, April 10, 2006) and the date that the '644 patent was granted (*i.e.*, September 30, 2008) ("B Delay") is 904 days.

20. Under 35 U.S.C. § 154(b)(2)(C), the number of days of applicant delay is 384 days.

21. 35 U.S.C. § 154(b)(2)(A) provides that "to the extent that periods of delay attributable to grounds specified in paragraph (b)(1) overlap, the period of any adjustment . . . shall not exceed the actual number of days the issuance of the patent was delayed." The overlap between the "A Delay" period and the "B Delay" period in the prosecution of the '644 patent (*i.e.*, the period of "A Delay" that occurred between April 10, 2006, and September 30, 2008) is 0 days.

22. The '644 patent is not subject to a disclaimer of term. Thus, the period of patent term adjustment is not limited under 35 U.S.C. § 154(b)(2)(B).

23.   Accordingly, the correct patent term adjustment under 35 U.S.C. § 154(b)(1) and (2) is the sum of the "A Delay" and "B Delay" (550 + 904= 1454 days) reduced by the number of days of "A delay" that occurred more than three years after the filing date of the '406 application (0 days) and reduced by the number of days of applicant delay (384 days) for a net adjustment of 1070 days.

24.   The Director erred in the determination of patent term adjustment by treating the entire period of PTO examination delay, and not only the period of PTO examination delay that occurred after the date that was three years after the actual filing date of the '406 application, as the period of overlap between the "A Delay" and the "B Delay." Thus, the Director erroneously determined that the net patent term adjustment should be limited under 35 U.S.C. § 154(b)(2)(A) by 550 days, rather than the correct number of 0 days, and arrived at a net patent term adjustment of 520 days.

25.   In *Wyeth v. Dudas*, 580 F. Supp. 2d 138 (D.D.C. 2008), this Court explained the proper construction of the provisions of 35 U.S.C. § 154(b) for determining patent term adjustment. In accordance with *Wyeth*, the patent term adjustment for the '644 patent is properly determined to be 1070 days, as set forth above.

26.   The Director's determination that the '644 patent is entitled to only 520 days of patent term adjustment is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law and in excess of statutory jurisdiction, authority, or limitation.

## PRAYER FOR RELIEF

Wherefore, Plaintiff demands judgment against Defendant and respectfully requests that this Court enter Orders:

A. Changing the period of patent term adjustment for the '644 patent term from 520 days to 1070 days and requiring the Director to extend the term of the '644 patent to reflect the 1070 day patent term adjustment.

B. Granting such other and future relief as the nature of the case may admit or require and as may be just and equitable.

Dated: March 19, 2009

Respectfully submitted,

Kenneth J. Meyers, Bar No. 106443
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

Attorneys for Plaintiff
Biogen Idec Inc.

**Of Counsel:**
Elizabeth E. Mathiesen
FINNEGAN, HENDERSON,
FARABOW GARRETT &
DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02141-1215
(617) 452-1600